1UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF THE ARMY; and U.S. ARMY CORPS OF ENGINEERS,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C § 552a, seeking agency records wrongfully withheld by Department of the Army ("Army"); U.S. Army Corps of Engineers ("USACE"); U.S. Customs and Border Protection ("CBP"); and U.S. Immigration and Customs Enforcement ("ICE"). This complaint seeks declaratory, injunctive, and other appropriate relief to remedy Defendants' violations of FOIA/PA which include: (1) failure to process properly submitted FOIA/PA requests and to produce responsive documents within the statutory deadlines; and (2) failure to conduct proper searches to locate documents responsive to FOIA/PA requests.

2. Plaintiff Jacqueline Stevens' ("Stevens") scholarship and journalism analyze professional and criminal misconduct in government agencies that implement policies on behalf of U.S. national sovereignty.

1

3. This Complaint concerns five FOIA requests sent by Stevens to Defendants. Two of the FOIA/PA requests seek records related to U.S. citizens who were unlawfully deported from the United States. One FOIA request seeks records related to the deployment of Army helicopters to the area of Lake Michigan proximate to Northwestern University. The last two FOIA requests seek records related to a proposal by Northwestern University to expand its campus into Lake Michigan around the 1960s.

4. Stevens needs the withheld records for her scholarship and journalism. Journalists and U.S. citizens targeted by agencies of Department of Homeland Security ("DHS") regularly contact Stevens to obtain records and information. A primary tool in her research efforts has been obtaining and reviewing U.S. government documents pursuant to FOIA/PA requests, the majority of which have been obtained only after she was forced to initiate litigation. Stevens has been harmed by the Defendants' repeated and deliberate violations of the Acts.

5. Here, Defendants have failed to comply with FOIA/PA. Defendants did not substantively respond to Plaintiff's requests within the statutorily prescribed time limit, did not provide Plaintiff with a determination of the scope of the documents they would produce and the exemptions they would claim, failed to produce any documents to Plaintiff, and have not claimed any exemptions allowing them to withhold documents.

6. Stevens respectfully asks this Court to enjoin Defendants from withholding requested records, order Defendants to release improperly withheld records, and grant declaratory relief.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201–2202.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Stevens resides within this district.

## PARTIES

9. Plaintiff Stevens is a professor of political science and the founding faculty director of the Deportation Research Clinic at Northwestern University in Cook County, Illinois. Stevens' office and principal residence are in Cook County, Illinois.

10. Defendants CBP and ICE are agencies of DHS within the meaning of 5 U.S.C. § 522(f)(1).

11. Defendants Army and USACE are agencies of the Department of Defense ("DOD") within the meaning of 5 U.S.C. § 522(f)(1).

12. Defendants have custody, possession, and control over the records and the systems of records sought by Stevens under FOIA/PA, and have had such custody, possession, and control at the time the records were requested and up to the present.

## FACTUAL BACKGROUND

### Unlawful Detention and Deportations of U.S. Citizens

13. Between February 2024 and May 2024, Stevens submitted two FOIA/PA requests – one of each to ICE and CBP – for records related to citizens unlawfully detained and deported. The records requested by Stevens and subject to this Complaint are for the purpose of analyzing, reporting, and theorizing contradictions between nativism and nationalism and the

3

rule of law, and to assist individuals with wrongful deportation orders. This includes U.S. citizens detained and deported as "aliens" as the term is defined in 8 U.S.C § 1001(a)(3).

14. In 2011, Stevens published a scholarly article in the *Virginia Journal of Social Policy & the Law* detailing the U.S. government's unlawful detention and deportation of U.S. citizens. The article estimated that between 2003 to 2010, "more than 20,000 U.S. Citizens were detained or deported," and identified as the cause, "laws and regulations mandating detention and deportation of hundreds of thousands of incarcerated people without attorneys."[1] This article was featured in several publications and drew attention to the practice.[2] Stevens also wrote an opinion piece on the topic published in the *New York Times*.[3]

15. Since 2011, Stevens has continued to research, investigate and publish on the deportation of U.S. citizens. In 2012, she founded the Deportation Research Clinic at Northwestern University for the purpose of studying government misconduct in deportation proceedings.[4] Many of the cases she studied have become lawsuits on behalf of the detained U.S. citizens and have been widely reported.[5]

---

[1] Jacqueline Stevens, "U.S Government Unlawfully Detaining and Deporting U.S. Citizens as Aliens," *Virginia Journal of Social Policy & the Law* (Spring 2011), http://jacquelinestevens.org/StevensVSP18.32011.pdf.

[2] Julia Preston, "Immigration Crackdown Snares Americans," New York Times (December 13, 2011), https://www.nytimes.com/2011/12/14/us/measures-to-capture-illegal-aliens-nab-citizens.html; Patrik Jonsson, "Deported teen returns to U.S. How many Americans are mistakenly banned," Christian Science Monitor (January 7, 2012), https://www.csmonitor.com/USA/2012/0107/Deported-teen-returns-to-US.-How-many-Americans-are-mistakenly-banished.

[3] Jacqueline Stevens, "Citizenship to Go," *New York Times* (May 17, 2012), https://www.nytimes.com/2012/05/18/opinion/citizenship-to-go.html.

[4] Jacqueline Stevens, "Forensic Intelligence and the Deportation Research Clinic: Toward a New Paradigm," Perspectives on Politics (September 7, 2015), https://www.cambridge.org/core/journals/perspectives-on-politics/article/abs/forensic-intelligence-and-the-deportation-research-clinic-toward-a-new-paradigm/0ABA0DEA34330E5F755A628FAB0C5CCB.

[5] *See, e.g.*, Jacqueline Stevens, "How Many DOJ Attorneys Does It Take to Deport a U.S. Citizen?," States Without Nations (February 19, 2016), https://stateswithoutnations.blogspot.com/search/label/Robert%20Dominguez; Esha Bhandari, "U.S. Citizen Wrongfully Deported to Mexico, Settles His Case Against the Federal Government," ACLU (October 5, 2012), https://www.aclu.org/news/speakeasy/us-citizen-wrongfully-deported-mexico-settles-his-case-against-federal-government?redirect=blog%2Fimmigrants-rights%2Fus-citizen-wrongfully-deported-mexico-settles-his-case; Eyder Peralta, "You Say You're An American, But What If You Had to Prove it or be Deported?" NPR (December 22, 2016), http://www.npr.org/sections/thetwoway/2016/12/22/504031635/you-say-you-re-an-american-

16. Since 2008, Stevens has been publishing on the unlawful deportations of U.S. citizens, working to identify systemic protocols and misconduct underlying the deportation of U.S. Citizens, including by publishing articles in the Nation magazine (2008–2010) and a co-editing a book, *Citizenship in Question: Evidentiary Birthright and Statelessness* (Duke University Press, 2017).[6] In 2022, an article in the *American Bar Association Journal* featured the contributions of documents Stevens obtained through FOIA requests and her related research to novel class action litigation against private prisons.[7]

17. In 2018, Stevens' essay in Citizenship in Question "*The Citizen who is an Alien*" was awarded a prize for "Best Chapter" by the American Political Science Association section on Migration and Citizenship.[8]

### i. Plaintiff's FOIA Request to CBP Regarding Raul Cortez-Rios ("Cortez-Rios") – CBP-FO-2024-079230

18. On March 22, 2024, Stevens submitted a FOIA/PA request to CBP via the FOIA.gov interface, requesting the following:

> [A]ll system records pertaining to Mr. Cortez-Rios and all CBP correspondence within CBP as well as with other government agencies, individuals, or attorneys pertaining to Mr. Cortez-Rios, including but not limited to messages posted on cloud interfaces and email. In addition, I am requesting the following information:
>
> 1) Records of grievances filed by Mr. Cortez-Rios, orally or in writing and under the control of CBP or its components.

---

but-what-if-you-had-to-prove-it-or-bedeported; Ted Robbins, "In Rush to Deport, Expelling U.S. citizens," NPR (October 24, 2011), http://www.npr.org/2011/10/24/141500145/in-the-rush-to-deport-expelling-u-s-citizens.
[6] Documentation of the book's availability, open access, and funding source are available via the Open Access web page: https://library.oapen.org/handle/20.500.12657/31762. A global consortium of librarians on behalf of the non-profit organization *Knowledge Unlatched* purchased from Duke University Press the right to publish the book on its website in a no-cost portable document format.
[7] Hannah Hayes, "Forced Labor? Migrant detainees claim exploitation at corporate-run detention center," *ABA Journal*, 108(4), pp. 52–57. https://deportationresearchclinic.org/ABA_Dollar_A_Day.pdf.
[8] American Political Science Association, Migration and Citizenship Section Award Recipients, https://www.apsanet.org/STAFF/Membership-Workspace/Organized-Sections/Organized-Section-Awards/Organized-Section-Awards/Section-43#chapter.

5

    2) All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship in any medium, digital or otherwise.

    3) Screen shots of all tabs for interfaces associated with databases likely to have records responsive to this request.

    4) All statements, email, faxes, notes, and all other analyses and records tied to CPB investigations or findings for any deportation orders or arrests of Mr. Cortez-Rios.

    The time frame of this request is 1/1/2005 to the date when records are searched.

19. Stevens attached to her request a privacy waiver signed under penalty of perjury by Cortez-Rios authorizing agencies to release his records to Stevens.

20. Stevens requested a fee waiver on the basis of her being an educational requester and because disclosure of the information requested is in the public interest under 5 U.S.C. § 552(a)(4)(A)(iii).

21. Stevens also requested expedited processing of her request, stating the following:

    Cortez-Rios was deported by ICE, even though he was born in the United States. As stated by 28 C.F.R. § 16.5 (e)(1)(i), "Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." Failure to receive and review any documents concerning Cortes-Rios's citizenship status in a timely matter poses an imminent threat to his life and physical safety. In addition, there is demonstrable public interest in the deportation of U.S. citizens that has continued to occur. For documentation, please see https://deportation-research.buffett.northwestern.edu/ According to 28 C.F.R. § 16.5 (e) (1)(ii), I have the right to request an expedited request because this meets the criterion of: "An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information."

22. On November 22, 2024, 168 business days after Stevens submitted her request, Stevens received an email from CBP confirming receipt of the FOIA request and providing the tracking number: CBP-FO-2024-079230. CBP did not make any determination as to Stevens' request for expedited processing or fee waiver.

6

23. As of March 14, 2025, 240 business days have elapsed since Stevens submitted her request on March 22, 2024, and CBP has still not provided the requested records. This is 230 business days past the FOIA deadline for an expedited request.

24. CBP has failed to produce any responsive records or explain why they are being withheld.

### ii. Plaintiff's FOIA Request to ICE Regarding Raul Cortez-Rios ("Cortez-Rios") – 2024-ICFO-22414, 2025-ICAP-00036

25. On February 29, 2024, Stevens submitted a FOIA/PA request to ICE via the FOIA.gov interface, requesting the following:

> [A]ll system and other records maintained, produced, or distributed by ICE pertaining to Raul Cortez-Rios. His "alien number" is [redacted]. He was born in Los Angeles, CA. on 10/26/1969. I am interested in all system records pertaining to Mr. Cortez-Rios and all ICE correspondence within ICE as well as with other government agencies, individuals, or attorneys pertaining to Mr. Cortez-Rios
>
> Please include as well:
>
> 1) All records of all grievances filed by Mr. Cortez-Rios, orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.
>
> 2) Commissary account data, including but not limited to information tracking funds reimbursed to Mr. Cortez-Rios on release from custody.
>
> 3) Work program participation documents and payment records.
>
> 4) All correspondence, notes, and other records pertaining to assertions or findings of U.S. citizenship in any medium, digital or otherwise.
>
> 5) Communications with police, jails, prisons about Mr. Cortez-Rios's arrest and detention.
>
> 6) Screenshots of all tabs for interfaces associated with databases likely to have records responsive to this request.
>
> 7) All email, faxes, notes, and all other analyses and records tied to ICE investigations or findings for any deportation orders or arrests of Mr. Cortez-Rios.

7

> Please note that I am attaching a third party waiver signed by Mr. Cortez-Rios and authorizing the release of all responsive documents to me under the FOIA/PA.
>
> Please note that components and officials that track detention facility compliance with ICE contracts are likely to have responsive records and will need to be queried.

26. Stevens attached to her request a privacy waiver signed under penalty of perjury by Cortez-Rios authorizing agencies to release his records to Stevens.

27. Stevens requested a fee waiver on the basis of her being an educational requester and because disclosure of the information requested is in the public interest under 5 U.S.C. § 552(a)(4)(A)(iii).

28. Stevens also requested expedited processing of her request, stating the following:

> Cortez-Rios was deported by ICE, even though he was born in the United States. As stated by 28 C.F.R. § 16.5 (e)(1)(i), "Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." Failure to receive and review any documents concerning Cortes-Rios's citizenship status in a timely matter poses an imminent threat to his life and physical safety. In addition, there is demonstrable public interest in the deportation of U.S. citizens that has continued to occur. For documentation, please see https://deportation-research.buffett.northwestern.edu/ According to 28 C.F.R. § 16.5 (e) (1)(ii), I have the right to request an expedited request because this meets the criterion of: "An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.

29. On March 5, 2024, Stevens received an email from ICE confirming receipt of the FOIA request and providing the tracking number 2024-ICFO-22414.

30. The email stated that ICE is experiencing an influx of requests, and 5 U.S.C. § 552(a)(6)(B) allows them 30 days to complete the request. ICE did not make any determination otherwise regarding Stevens' request for expedited processing.

8

31. On March 5, 2024, Stevens replied to the email stating that she submitted the request on an expedited basis and referenced ICE continuous pattern and practice of disregarding the FOIA statute.

32. On September 3, 2024, ICE provided a final response letter stating that ICE "conducted a search of the ICE Office of Enforcement and Removal Operations (ERO)" for responsive records and that there were no responsive records found.

33. On November 6, 2024, Stevens filed an appeal via email to ICE (GLIDFOIAAppeals@ice.dhs.gov) requesting for her search to be remanded on an expedited basis. In the appeal, Stevens pointed out that it is "preposterous" that ICE could not locate any records about a man who was twice deported by ICE and noted ICE's pattern and practice of retaliation against her for her publications.

34. By letter dated December 3, 2024, ICE's Office of the Principal Legal Advisor informed Stevens that it has remanded Stevens' appeal to the ICE FOIA Office. The appeal was assigned the appeal number 2025-ICAP-00036. The letter did not acknowledge or provide a timeline of when the responsive records will be issued.

35. As of March 14, 2025, 67 business days have elapsed since the request was remanded on December 3, 2024, and ICE has still not provided the requested FOIA. This is 57 business days past the FOIA deadline for an expedited request.

36. ICE has failed to produce any responsive records or explain why they are being withheld.

### Deployment of Army Helicopter near Northwestern University

37. Stevens is the President of the Northwestern Chapter of the American Association of University Professors, and publishes on the U.S. military's use of private universities to

9

support special interests without accountability. Her research and publications have described the ties between corporate and military interests and private universities, including Northwestern University.[9]

### iii. Plaintiff's FOIA Request to Army Regarding Deployment of Helicopters – FOIA.gov Submission ID: 1175326

38. On April 26, 2024, Stevens submitted a FOIA/PA request to Army via the FOIA.gov interface, requesting the following:

> [A]ll records associated with the deployment of Army helicopters to the area of Lake Michigan proximate to Northwestern University in Evanston, IL, including but not limited to that of an Army Blackhawk helicopter documented as present in this area on April 25, 2024 at approximately 12:20 p.m. The number is G20642. Please see attached screenshots reflecting the helicopters identity and flight path. The records I am requesting include but are not limited to all internal and external communications prompting the helicopter's deployment, all communications conveying observations associated with this deployment, all video collected from the flight, and all findings, reports, and notes, including those stored on digital platforms reflecting the patrol. My request includes but is not limited to all records referencing Northwestern University activities, faculty, students, or officials. The time frame of this request is April 25, 2024 to April 26, 2024.

39. Stevens attached to the request an image of the helicopter seen from Northwestern's campus in Evanston, IL.

40. Stevens requested expedited processing of her request, stating the following:

> The use of an Army helicopter for the apparent purpose of surveillance of a campus protest at Northwestern University is of great public interest, including because of the seeming violation of policies restricting the use of military for domestic disturbances and the chilling of First Amendment rights. Northwestern's student protest is also of great interest to the public, in Chicagoland and nationwide, as demonstrated in this recent article: https://chicago.suntimes.com/israel-hamas-war/ 2024/04/25/northwestern-students-set-up-palestine-solidarity-camp-on-campus. The combination of demonstrated public interest and my role as a disseminator of information to the

---

[9] Jacqueline Stevens, "Forensic Intelligence and the Deportation Research Clinic: Toward a New Paradigm," Perspectives on Politics (September 7, 2015), https://www.cambridge.org/core/journals/perspectives-on-politics/article/abs/forensic-intelligenceand-the-deportation-research-clinic-toward-a-newparadigm/0ABA0DEA34330E5F755A628FAB0C5CCB.

public clearly places this request within the criterion for expedited review, per 32 CFR 286.8(e)(1)(i)(B) and 32 CFR 286.8(e) (1)(ii)(A). In addition to the urgent need for requester to obtain information in her capacity as a journalist, requester also wants to flag the introduction of new disciplinary protest policy in violation of the University handbook. Requester is also Secretary of the Northwestern chapter of the American Association of University Professors. The use of Army resources in response to a peaceful protest burdens due process and other Constitutional rights, thus providing another ground for expedited review of this request, per 32 CFR 286.8(e)(1)(ii)(A). For information on my own role disseminating news, see profile here: https://theintercept.com/staff/jacqueline-stevens/ This includes additional links demonstrating my affiliation as a faculty member of Northwestern University. I am also attaching a link to an essay published in the Daily Northwestern, one of several I have published on my own or with others in my capacity as chapter Secretary. https://dailynorthwestern.com/2021/10/19/opinion/lte-preserve-the-faculty-assemblys-legislative-power/

41. On June 17, 2024, Stevens emailed the Army's Acting FOIA Manager (usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil) and called (571-515-0306) seeking a tracking number and an explanation for the delay. Stevens did not receive any response.

42. As of March 14, 2025, 215 business days have elapsed since Stevens submitted her request on April 26, 2024. This is 205 business days past the FOIA deadline for an expedited review.

43. The Army has failed to produce responsive documents or explain why they are being withheld.

**Expansion of Northwestern University's Campus**

44. Professor Stevens is researching the history of Northwestern University, including the Northwestern's decision to expand its campus into Lake Michigan around the 1960s. In 1960, Northwestern University obtained approval from its trustees to extend its campus eastward and purchase 152 acres of submerged lake land. The university's plan moved forward despite public opposition to the use of sand for the lakefill sourced from the Indiana dunes, a natural

landmark.[10] Northwestern was required to seek approval from the U.S. Army Corps of Engineers for the expansion.

### iv. Plaintiff's FOIA Request to the Army Regarding Northwestern University's Expansion – No Case Tracking Number Assigned

45. On February 7, 2024, Stevens submitted a FOIA/PA request to the Army via email (usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil), requesting the following:

> [A]ll records under the control of the Army or Army Corps of Engineers tied to the proposal by Northwestern University to expand its campus into Lake Michigan. This includes but is not limited to correspondence to and from any individual(s) or entity, notes, memorandums, communications or press releases and underlying notes for preparation, reports (including interim reports), and evaluations in any medium maintained by the Army Corps of Engineers. The time frame of this request is 1958 to 1963. I am willing to accept rolling productions, on the condition that I receive productions in the chronological order in which the documents were created and that I receive the first production no later than the statutory deadline of 30 days.

46. Stevens requested a fee waiver on the basis that she will be using these records for her scholarship and journalism, and not for commercial gain.

47. The Army has not responded to Stevens' request.

48. As of March 14, 2025, 271 business days have elapsed since Stevens submitted her request on February 7, 2024. This is 241 business days past the FOIA deadline.

49. The Army has failed to produce responsive documents or explain why they are being withheld.

### v. Plaintiff's FOIA Request to USACE Regarding Northwestern University's Expansion – No Case Tracking Number Assigned

---

[10] "Looking for space, University turned eastward to the lake," Northwestern Stories, Vol. 16, No. 26 (May 3, 2001), https://www.northwestern.edu/nu150/news/stories/05_03_01_lakefill.html; "Statement of U.S. Senator Paul H. Douglas regarding Indiana Dunes," Encyclopedia of Chicago (March 31, 1962), http://www.encyclopedia.chicagohistory.org/pages/10977.html.

50. On June 28, 2023, Stevens submitted a FOIA/PA request to USACE via email (foia-lrc@usace.army.mil), requesting the following:

> [A]ll records tied to the proposal by Northwestern University to expand its campus into Lake Michigan. This includes but is not limited to correspondence to and from any individual(s) or entity, notes, memorandums, communications or press releases and underlying notes for preparation, reports (including interim reports), and evaluations in any medium. The time frame of this request is 1958 to 1963.
>
> I am willing to accept rolling productions, on the condition that I receive productions in the chronological order in which the documents were created and that I receive the first production no later than the statutory deadline of 30 days.
>
> Please provide me an estimated date for the final fulfillment of this request

51. Stevens requested a fee waiver on the basis that she will be using these records for her scholarship and journalism, and not for commercial gain.

52. USACE has not responded to Stevens' request.

53. As of March 14, 2025, 422 business days have elapsed since Stevens submitted her request on June 28, 2023. This is 392 business days past the FOIA deadline.

54. USACE has failed to produce responsive documents or explain why they are being withheld.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Violation of FOIA/PA
### Unlawful Withholding of Agency Records

55. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as repeated and incorporated herein.

56. Plaintiff has a statutory right under the FOIA and PA to obtain the agency records properly requested in the requests identified in paragraphs 18 to 54 above.

13

57. No legal basis exists for Defendants Army, USACE, CBP, and ICE's failures to promptly docket, process, respond to properly submitted FOIA/PA requests and produce responsive agency records in accordance with the requirements of FOIA and PA.

58. Defendants have wrongfully withheld records requested by Plaintiff in her FOIA requests described in paragraphs 18 to 54 above and have failed to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. §552(a)(6)(C). Nor have Defendants notified Plaintiff of the scope and nature of any responsive records each Defendant intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it may appeal any specific, adverse determination.

59. By failing to disclose and release the requested records, and by failing to conduct timely and adequate searches reasonably calculated to uncover responsive records, Defendants have violated their respective duties under the FOIA and PA, including but not limited to their duties to process properly submitted requests for records, to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information. Therefore, Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §§ 552 and 552a, and Defendants' corresponding regulations.

60. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

61. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**Second Claim for Relief**
**Violation of FOIA**
**Improper Denial or Failure to Respond to Plaintiff's Request for Expedited Processing**

62. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

63. Defendants have failed to respond to Plaintiff's requests for expedited processing, violating Plaintiff's right to an expedited processing determination within 10 days of receipt of Plaintiff's FOIA Request under 5 U.S.C. § 552(a)(6)(E) and Defendants' own regulations.

### Third Claim for Relief
### Violation of FOIA
### Improper Denial or Failure to Respond to Plaintiff's Request for a Fee Waiver

64. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

65. Plaintiff requested a fee waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

66. Defendants failed to respond to or to non-conditionally grant Plaintiff's requests for fee waivers, thereby denying Plaintiff's right under 5 U.S.C. § 552(a)(4)(A)(iii) and Defendants' own regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to conduct a prompt, reasonable search for records responsive to each of Plaintiff's requests;

B. Permanently enjoin and restrain Defendants and any of Defendants' agents from withholding the agency records at issue in this case;

C. Declare that the requested records by Plaintiff are not exempt from disclosure under FOIA, and order each Defendant with custody of the records to disclose the requested records in their entirety and make copies available to the Plaintiff;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and,

E. Grant any other relief to Plaintiff that the Court deems just and proper.


Dated: March 14, 2025  Respectfully Submitted,

LAW OFFICE OF AMBER QURESHI, LLC

*/s/ Amber Qureshi*
Amber Qureshi
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com