**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE STEVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 25 C 2719** |
| **UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGEMENT**

In 2024, Jacqueline Stevens submitted FOIA requests to U.S. Customs and Border Protection (CBP) and U.S. Immigration and Customs Enforcement (ICE) regarding an individual named Raul Cortez-Rios. After CBP and ICE produced responsive documents, Stevens filed this lawsuit alleging that the agencies did not conduct adequate searches and that CBP improperly withheld information from its production. The parties filed cross-motions for summary judgment, and the Court granted summary judgment to each party on certain points. *See Stevens v. CBP*, No. 25 C 2719, 2026 WL 2056856 (N.D. Ill. July 16, 2026). The Court also ordered supplemental briefing regarding the adequacy of ICE's search and directed CBP to submit certain documents for *in camera* review. Familiarity with the Court's ruling is assumed.

## A. CBP

CBP had produced one responsive document to Stevens, an I-213 form. In her motion for summary judgment, Stevens argued that CBP improperly withheld

information from the form. The Court upheld CBP's redactions pursuant to FOIA Exemptions 6 and 7(C), but it required CBP to submit the unredacted I-213 form to chambers so that the Court could evaluate CBP's invocation of Exemption 7(E), which exempts from disclosure records "compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]" 5 U.S.C. § 552(b)(7)(E).

"Exemption 7(E) sets a relatively low bar for the agency to justify withholding[.]" *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Id.* (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)).

The information withheld pursuant to Exemption 7(E) relates to CBP's process for screening and assessing criminal and immigration histories, including the names of databases that CBP searched, the type of fingerprinting machine employed, and the results of the search for Cortez-Rios's fingerprints. Howard's declaration states that Exemption 7(E) "was invoked to protect non-public and sensitive information regarding CBP inspectional activities . . . . as disclosure may enable visitors to circumvent the law and/or disrupt CBP's inspectional activities." Howard Decl. ¶ 27. With the benefit of *in camera* review, the Court understands how disclosure of the redacted information could create a risk of circumvention of the law. All the redactions were proper under FOIA

Exemption 7(E), with one exception: the pedestrian lane number through which Cortez-Rios entered the Calexico Port of Entry. The Court cannot fathom, and CBP does not justify, how disclosure of that information could create even a speculative risk of circumvention of the law. The Court directs CBP to submit to Stevens by August 17, 2026 a version of the I-213 form that includes the pedestrian lane number. Its redactions are otherwise upheld.

**B. ICE**

PLAnet is a database of ICE's OPLA (Office of the Principal Legal Advisor). Stevens's cross-motion for summary judgment asserted that ICE should have searched OPLA for responsive records. In response, ICE searched PLAnet and produced a two-page record. Stevens contended that the search was inadequate because ICE's affiant, Kenneth Clark, did not attest that the two pages produced were the only responsive records. Stevens also contested ICE's withholdings. The Court ordered supplemental briefing on the adequacy of the PLAnet search and ICE's withholding from the PLAnet production.

The first issue is the adequacy of ICE's search. After the Court's July opinion, ICE produced a forty-page document from PLAnet that was responsive to Stevens's FOIA request. In his supplemental declaration, Clark stated that this was the only responsive document in the "Documents" tab of Cortez-Rios's PLAnet file and that the earlier two-page record included all of the notes in his PLAnet file.

Stevens argues that ICE has not produced all responsive records from PLAnet, pointing to a PLAnet production from another FOIA request related to Hoang Toan Manh. Dkt. 52-1. That production shows that the Case Summary page of PLAnet

includes a "Case Properties" section. That section was not produced in the Cortez-Rios production. The Court orders ICE to produce to Stevens by August 17, 2026 the Case Summary page with the "Case Properties" section.

Based on the Hoang Toan Manh production, it appears that PLAnet also contains several other tabs in addition to the Case Summary: Documents, Archive, RAPS, EID, and EOIR. ICE discovered the forty-page document related to Cortez-Rios under the "Documents" tab. Clark stated in his declaration that there were no additional notes on PLAnet. But in light of ICE's failure to produce the full Case Summary page, the Court orders ICE to produce to Stevens a web view of all tabs or pages in Cortez-Rios's PLAnet file.

Stevens also suggests that ICE's search of OPLA was inadequate because Clark does not specify whether systems other than PLAnet were searched. Stevens is particularly concerned that ICE omitted a memorandum related to Cortez-Rios's citizenship that, she contends, OPLA is required to prepare when an individual claims U.S. citizenship or there are indicia of potential U.S. citizenship. Clark specifically stated that no other documents were found on PLAnet, but Stevens's general point stands. The Court directs ICE to clarify what other record systems are used by OPLA, state whether all systems that are reasonably likely to contain responsive records regarding Cortez-Rios were searched, and if not, conduct a search of those systems.

As for the appropriateness of ICE's withholdings from the PLAnet production, the agency invokes FOIA Exemptions 5, 6, 7(A), and 7(C). Stevens does not challenge ICE's redaction of names and contact information under Exemptions 6 and 7(C), both of

which protect disclosure of information that could result in unwarranted invasions of personal privacy. *See* 5 U.S.C. § 552(b)(6), (7)(C).

Exemption 7(A) permits withholding of information "compiled for law enforcement purposes" that "could reasonably be expected to interfere with enforcement proceedings[.]" 5 U.S.C. § 552(b)(7)(A). ICE states that there is an ongoing investigation related to Cortez-Rios and that disclosure could interfere with that investigation. The application of this exemption is sufficiently supported and is upheld.

"Exemption 5 allows an agency to withhold 'inter-agency or intraagency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency.'" *Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 877 (7th Cir. 2018) (quoting 5 U.S.C. § 552(b)(5)). ICE maintains that the redacted text includes notes drafted by OPLA attorneys in preparation for removal proceedings "as well as information provided by Enforcement and Removal Operations [(ERO)] for consideration." Suppl. Mem. at 2.

Stevens contends that it is likely that the redactions include purely factual material not covered by Exemption 5. This is potentially a viable contention, both based on ICE's own broad representation that the redaction includes "information" from ERO and the fact that ICE almost entirely redacted the Event Notes portion of Cortez-Rios's case summary, leaving only a notice about attorney/client privilege and a brief note that bond was denied. In its production of Hoang Toan Manh's PLAnet Case Summary, the "Event Notes" section of the "Case History" section was largely produced, with just a few words redacted. *See* Dkt. 52-1. The Court acknowledges that the Hoang Toan Manh production did not invoke Exemption 7(A), and it is possible that the existence of

an ongoing investigation regarding Cortez-Rios warrants broader withholding. But the Court will need to review the PLAnet notes *in camera* to make this assessment. ICE is directed produce to chambers by August 17, 2026 an unredacted version of the PLAnet production relating to Cortez-Rios.

## Conclusion

The Court summarizes its rulings as follows. (1) The Court grants ICE and CBP's motion for summary judgment [dkt. 39] with respect to the propriety of most of CBP's redactions under Exemption 7(E) and grants Stevens' motion for summary judgment [dkt. 42] with respect to the incompleteness of ICE's production from PLAnet and the redaction of the pedestrian lane from CBP's production. (2) CBP must produce to Stevens by August 17, 2026 a version of the I-213 that includes the pedestrian lane number. That will dispose of the remaining issues in this case concerning CBP. (3) ICE must produce to Stevens by August 17, 2026 a full screenshot of the Case Summary page of PLAnet including the "Case Properties" section and a screenshot of all tabs in Cortez-Rios's PLAnet file. (4) Additionally, by August 17, 2026, ICE must produce for *in camera* review an unredacted version of the Case Summary page from PLAnet. (5) Finally, ICE must clarify via a further declaration whether OPLA employs any other record systems beyond PLAnet, state whether all systems that are reasonably likely to contain responsive records were searched, and if not, conduct a search of those systems. The declaration must be submitted by August 17, 2026, and any results of further searches are to be produced to Stevens by August 24, 2026. (6) A joint status report including a description of any open issues in the case and a proposal for any further steps needed to bring the case to a conclusion is to be filed by August 27,

2026. (7) The case is set for a telephonic status hearing on August 31, 2026 at 9:15 AM, using call-in number 650-479-3207, access code 2305-915-8729.

Date: August 10, 2026

MATTHEW F. KENNELLY
United States District Judge